## MARGARET J. KERRIGAN *v.* DOUGLAS GORDON CARROLL, SR.

[No. 43, April Term, 1935.]

*Decided May 22nd, 1935.*

The cause was argued before BOND, C. J., URNER, OF-
FUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHN-
SON, JJ.

*John R. Elly,* with whom was *J. Howard Murray* on
the brief, for the appellant.

*W. Mitchell Jenifer,* with whom were *Jenifer & Jeni-
fer* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

In this suit, by the appellant against the appellee and
his wife and infant son, the cause of action is thus alleged
in the amended declaration:

"For that the plaintiff, at the time of the commission
of the wrongs and injuries hereinafter mentioned, was an
employee in the capacity of housekeeper and domestic
servant, in the household of the defendants, Douglas Gor-
don Carroll, Sr., and Mrs. Douglas Gordon Carroll.

"And for that the plaintiff, as such employee of the
defendants, the said Douglas Gordon Carroll, Sr., and
Mrs. Douglas Gordon Carroll, was required to take orders
and instructions from each of said defendants, and that
by virtue of said employment it was, and became the duty
of said defendants, the said Douglas Gordon Carroll, Sr.,
and Mrs. Douglas Gordon Carroll, to provide the said
plaintiff with a reasonably safe and proper place in which
to work, and to refrain from exposing the said plaintiff
to unnecessary risk and danger in the performance of her
said duties as housekeeper and domestic servant of the
said defendants.

"And the plaintiff says that on or about June 21, 1931,
while pursuing her usual and ordinary duties in connec-
tion with her said employment by the said defendants,
she was directed by Mrs. Douglas Gordon Carroll, one of
the defendants herein, and at that time in charge of said
household, and at that time acting as the agent of the
said Douglas Gordon Carroll, Sr., in connection with the
management and operation of said household to procure

and bring to her from the household, to the lawn there-abouts, a certain container of gasoline, whereupon in pursuance of such direction the plaintiff brought said container of gasoline to the said Mrs. Douglas Gordon Carroll, who immediately threw it upon and scattered it about the lawn adjacent to said household and before the said plaintiff could reach a place of safety, the said Douglas Gordon Carroll, Jr., an infant son of the other defendants herein, and living with them, ignited said gasoline so spread upon and scattered about said lawn, causing it to explode, in consequence of which the plaintiff's clothing caught fire and the plaintiff was severely burned about her face and body.

"And the plaintiff says that as a direct result of the negligence of said defendants, and each of them, in and about their respective duties and obligations to her, and without any negligence on her part thereto contributing, she has suffered severe and permanent injuries and has been and will be permanently prevented from pursuing her usual and profitable avocation, has undergone great mental anguish and pain and has been otherwise injured and damaged."

The appellee pleaded that he did not commit the wrong alleged, and also that the plaintiff had released him, by an agreement under seal, from any liability on account of the injury to which the declaration referred. In a replication to the appellee's second plea the plaintiff averred that the release was invalid because of described circumstances under which it was alleged to have been procured. A demurrer to the replication was held by the trial court to have amounted to an error in the declaration consisting in its imputation to the appellee of joint responsibility for the alleged negligence. The declaration being thus adjudged demurrable as to the appellee, and the plaintiff having declined to make any further amendment, a judgment was entered in favor of the appellee for costs.

The act of negligence charged in the declaration was the ignition of the gasoline which had just been "scat-

tered" about the lawn. It is stated that the infant son of the appellee ignited the gasoline before the plaintiff could reach a place of safety. There is no allegation that the appellee, who does not appear to have been present at the time and place of the accident, or that his wife, who is said to have been acting as his agent, had intended to have the gasoline set on fire. The purpose for which it was being used is not stated in the declaration. The ignition of the gasoline may have been a wholly unanticipated act of the infant son. No averment of the declaration indicates that he thus acted with the acquiescence of either of his parents, or in the course of any employment or agency which might subject them to liability for his negligence. It is a well-recognized principle of the common law that a parent is not ordinarily responsible for the wrongful act of his minor child. To charge the parent with such responsibility it must be shown that he induced or approved of the act, or that the child's relationship to the parent at the time was also that of servant or agent. *Whitelock v. Dennis,* 139 Md. 557, 560, 116 A. 68; *Huddy, Automobiles,* sec. 656, p. 849; 20 *R. C. L.* 627; 46 *C. J.* 1329, 1330. In our opinion the declaration in this case does not satisfy the requirements of that principle with respect to the liability charged against the appellee, and we therefore approve of the trial court's ruling on the demurrer.

*Judgment affirmed, with costs.*